1

2

3

4

5

6

7

8           IN THE UNITED STATES DISTRICT COURT

9           FOR THE EASTERN DISTRICT OF CALIFORNIA

10   MIKA CHRISTINA ALFARO,

11           Plaintiff,                          No. CIV.S. 06-2460 LKK GGH PS

12       vs.

13   MONICA ALFARO,                        FINDINGS AND RECOMMENDATIONS

14           Defendant.

15   _____/

16           Plaintiff, proceeding in pro se, requests leave to proceed in forma pauperis

17   pursuant to 28 U.S.C. § 1915.  This matter was referred to this court pursuant to E. D. Cal. L. R.

18   72-302(c)(21).

19           Plaintiff has submitted an incomplete affidavit in support of her application to

20   proceed in forma pauperis.  She did not fully answer Questions No. 2b (although plaintiff

21   indicates she was last employed February 18, 2006, she fails to state "the amount of your take-

22   home salary or wages and pay period and the name and address of your last employer"); No. 3

23   (although plaintiff states she receives money from "disability or workers compensation

24   payments," "gifts or inheritances," and "other sources," she fails to describe "each source of

25   money and state the amount received and what you expect you will continue to receive"); No. 4

26   (plaintiff states she has cash or a bank account but fails to state the amount); or No. 6 (plaintiff

1

1   lists a dependent but does not identify her relationship or the amount of support).

2        Plaintiff's incomplete application fails fully to inform the court whether plaintiff

3   is unable to prepay fees and costs or give security for them, and therefore fails to meet the

4   requirements of 28 U.S.C. § 1915(a).  Accordingly, plaintiff's application should be denied.

5   Moreover, because plaintiff's complaint should be dismissed without leave to amend, for the

6   reasons set forth below, plaintiff's application to proceed in forma pauperis should be denied

7   with prejudice.

8        The determination whether plaintiff may proceed in forma pauperis does not

9   complete the present inquiry.  Title 28 U.S.C. § 1915(e)(2) directs the court to dismiss a case at

10   any time if the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to

11   state a claim on which relief may be granted, or seeks monetary relief against an immune

12   defendant.  Additional grounds for dismissing a proposed complaint are improper form (Fed. R.

13   Civ. P. 10(b)); lack of subject matter jurisdiction (Rule 12(b)(1)); and failure to state a claim

14   upon which relief may be granted (Rule 12(b)(6)).  The complaint must also comply with general

15   rules of pleading, as set forth in Fed. R. Civ. P. 8(a), requiring clear statements of (1) the court's

16   jurisdiction, (2) claims showing entitlement to relief, and (3) demand for relief.

17        The "complaint" consists of a one-and-one-half page "Declaration" inquiring

18   whether plaintiff may file a "Civil Harrassment Complaint" against her sister, who allegedly

19   harasses and beats up plaintiff's daughter and keeps trying to steal plaintiff's Social Security

20   number and money.

21        The complaint must be dismissed due to improper form, failure to conform to

22   general rules of pleading and, most importantly, lack of jurisdiction.  "A party invoking the

23   federal court's jurisdiction has the burden of proving the actual existence of subject matter

24   jurisdiction."  Thompson v. McCombe, 99 F.3d 352, 353 (9th Cir. 1996).  Plaintiff has failed to

25   meet this burden.  A federal court is a court of limited jurisdiction, and may adjudicate only those

26   cases authorized by the Constitution and by Congress.  See Kokkonen v. Guardian Life Ins. Co,

511 U.S. 375, 377, 114 S. Ct. 1673, 1675 (1994).  Lack of subject matter jurisdiction may be raised at any time by either party or by the court.  See Attorneys Trust v. Videotape Computer Products, Inc., 93 F.3d 593, 594-95 (9th Cir. 1996).  The basic federal jurisdiction statutes, 28 U.S.C. §§ 1331 & 1332, confer "federal question" and "diversity" jurisdiction, respectively, while statutes regulating specific subject matter may also confer federal jurisdiction.  See generally, W.W. Schwarzer, A.W. Tashima & J. Wagstaffe, Federal Civil Procedure Before Trial § 2:5.

        The complaint makes no reference to federal law and does not assert diversity jurisdiction (rather, the civil cover sheet states that both plaintiff and her sister, the named defendant, are California citizens).  Battery and theft are state law criminal matters.  Accordingly, the complaint must be dismissed.

        Further, since these facts demonstrate no reasonable possibility that plaintiff can file a cognizable complaint demonstrating this court's subject matter jurisdiction or a claim on which relief can be granted, no leave should be granted to amend the complaint.  Rather, the complaint should be dismissed with prejudice and, as a result, plaintiff's application to proceed in forma pauper should be denied with prejudice.

        Accordingly, IT IS HEREBY RECOMMENDED that:

        1.  Plaintiff's application to proceed in forma pauperis, filed November 6, 2006, be DENIED with prejudice;

        2.  Plaintiff's complaint, filed November 6, 2006, be DISMISSED with prejudice.

        These findings and recommendations are submitted to the Honorable Lawrence K. Karlton, the United States District Judge assigned to this case.  28 U.S.C. § 636(b)(l).  Written objections may be filed within ten days after being served with these findings and recommendations.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The failure to file objections within the specified time may

\\\\\

3

1  waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir.

2  1991).

3  DATED: 12/4/06

4                                                          /s/ Gregory G. Hollows

5                                                          _____
                                                          GREGORY G. HOLLOWS
                                                          UNITED STATES MAGISTRATE JUDGE

6  NOW6:Alfaro2460.f&r

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26